UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-173 (ADM/DLM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JACKIE RAHM LITTLE,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Jackie Rahm Little, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 and Count 2 of the Indictment, which charges the defendant with Arson, in violation of 18 U.S.C. § 844(i) (Count 1), and Damage to Religious Property, in violation of 18 U.S.C. § 247(a)(1) and (d)(3). The defendant fully understands the nature and elements of the crimes with which he has been charged.

In consideration for the defendant's plea of guilty, the government agrees it will not seek a Superseding Indictment or otherwise pursue charging the

1

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

defendant with additional arson and/or damage to religious property crimes known to the government at the time of the change of plea hearing.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 and Count 2 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On April 24, 2023, the defendant admits that he traveled to the Masjid Al-Rahma Mosque (also known as the Mercy Islamic Center) in Bloomington, Minnesota. The defendant carried with him a container of gasoline or other ignitable liquid, and after he entered the Mosque, used it to set fire to the Mosque's third floor hallway and stairwell. The Mosque had to be evacuated, including the evacuation of children who were attending daycare. The defendant admits that the resulting damage to the Mosque totaled approximately $378,022.59.

The defendant admits that the Mosque is a public place of worship and is used in interstate commerce. Further, the defendant admits that he committed this crime, and picked the Mosque, because of his religious animus towards Islam and the religious character of the building.

Additionally, and as relevant conduct, the defendant admits that on April 23, 2023, he started a fire in the bathroom of the Masjid Omar Islamic

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

Center in Minneapolis, Minnesota. The defendant lit a cardboard box on fire inside of a bathroom stall and intended to leave it there for the rest of the building to ignite. Fortunately, the defendant was interrupted by an employee and the defendant fled leaving partially burned cardboard and a gas cannister behind.

The defendant admits that he acted voluntary and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The

3

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

    5.    **Additional Consequences.** The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

  6. **Statutory Penalties.** The defendant understands that Count 1 of the Indictment, charging Arson in violation of 18 U.S.C. § 844(i) is a felony offense that carries the following statutory penalties:

   a. a mandatory minimum of 5 years in prison;

   b. a maximum of 20 years in prison;

   c. a supervised release term of at least 1 year up to a maximum supervised release term of 3 years;

   d. a maximum fine of $250,000

   e. restitution to victims as agreed to by the parties in this agreement;

   f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

The defendant understands that Count 2 of the Indictment, charging Damage to Religious Property in violation of 18 U.S.C. § 247(a)(1) and (d)(3) is a felony offense that carries the following statutory penalties:

   a. a maximum of 20 years in prison;

   b. a supervised release term of at least 1 year up to a maximum supervised release term of 3 years;

   c. a maximum fine of $250,000

   d. restitution to victims as agreed to by the parties in this agreement;

   e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

*United States v. Jackie Rahm Little*, 23-cr-173 (ADM/DLM)

    7.    **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level for Count 1 and Count 2 is 24. U.S.S.G. §§ 2K1.4(a)(1) and 2H1.1(a)(1).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that no other specific offense characteristics apply.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that a 3-level adjustment applies because the defendant intentionally selected the religious property on the basis of perceived or actual religious animus. U.S.S.G. § 3A1.1(a)

    d.    <u>Grouping</u>. The parties agree that U.S.S.G. § 2H1.1 is specifically excluded from the operation of the grouping Guidelines and that the offense level should be increased by 2 levels. U.S.S.G. § 3D1.2 and 3D1.4.

    e.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the

6

        defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

        Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

f.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his/her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g.    <u>Guidelines Range</u>. If the adjusted offense level is 26, and the criminal history category is I, the applicable sentencing guidelines range is **63-78 months of imprisonment**.

        The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is 5 years (60 months) of imprisonment.

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

      h.    <u>Fine Range</u>. If the adjusted offense level is 26, the Sentencing Guidelines fine range is $25,000 to $250,000. U.S.S.G. § 5E1.2(c).

      i.    <u>Supervised Release</u>. The Sentencing Guidelines' term of supervised release is 1 to 3 years. U.S.S.G. § 5D1.2.

8.    **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different

8

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** Based on the particular circumstances and facts of this case, as well as the Defendant's willingness to plead guilty, the Government agrees to recommend a sentence of **no more than** 78 months' imprisonment. The defendant is free to recommend whatever sentence he deems appropriate. The parties are free to recommend any supervised release length. To the extent there is no conflict with the portions of this provision, the parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the $200 special assessment.

12. **Restitution Agreement.** The defendant understands and agrees that 18 U.S.C. § 3663A(a)(3) applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant agrees that he owes restitution and agrees that the Court shall order him to

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

pay restitution in the amount of (a) $373,022.59 to Church Mutual Insurance; and (b) $5,000 to Mercy Center.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 78 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 60 months' imprisonment.

15.   **FOIA Requests.**   The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16.   **Complete Agreement.**   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the

*United States v. Jackie Rahm Little,* 23-cr-173 (ADM/DLM)

defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

JOSEPH H. THOMPSON
Acting United States Attorney

Date: September 17, 2025

BY: EVAN B. GILEAD
Assistant United States Attorney

Date: September 17, 2025

JACKIE RAHM LITTLE
Defendant

Date: 9-17-25

JAMES S. BECKER
Counsel for Defendant

13